# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 13-13387 |
| | § | |
| PABLO A. MONROY | § | |
| | § | |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 03/31/2013. The undersigned trustee was appointed on 03/31/2013.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                                $12,500.00

    Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim distribution | $0.00 |
| Administrative expenses | $0.00 |
| Bank service fees | $151.73 |
| Other Payments to creditors | $0.00 |
| Non-estate funds paid to 3rd Parties | $0.00 |
| Exemptions paid to the debtor | $0.00 |
| Other payments to the debtor | $0.00 |
| Leaving a balance on hand of[1] | $12,348.27 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance on funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursements will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

6. The deadline for filing non-governmental claims in this case was <u>10/09/2013</u> and the deadline for filing government claims was <u>10/09/2013</u>. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is <u>$2,000.00</u>. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received <u>$0.00</u> as interim compensation and now requests the sum of <u>$2,000.00</u>, for a total compensation of <u>$2,000.00</u>[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of <u>$0.00</u>, and now requests reimbursement for expenses of <u>$2.06,</u> for total expenses of <u>$2.06</u>.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: <u>12/03/2014</u>                    By:    <u>/s/ David P. Leibowitz</u>
                                                        Trustee

**STATEMENT:** This Uniform form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

# FORM 1

## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Exhibit A

| | | |
|---|---|---|
| **Case No.:** | 13-13387-JPC | |
| **Case Name:** | MONROY, PABLO A. | |
| **For the Period Ending:** | 12/3/2014 | |

| | |
|---|---|
| **Trustee Name:** | David Leibowitz |
| **Date Filed (f) or Converted (c):** | 03/31/2013 (f) |
| **§341(a) Meeting Date:** | 05/30/2013 |
| **Claims Bar Date:** | 10/09/2013 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | **Asset Description (Scheduled and Unscheduled (u) Property)** | **Petition/ Unscheduled Value** | **Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs)** | **Property Abandoned OA =§ 554(a) abandon.** | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA) / Gross Value of Remaining Assets** |
| **Ref. #** | | | | | | |
| 1 | 314 Chaparral Circle Elgin, IL 60120 | $120,000.00 | $0.00 | | $0.00 | FA |
| 2 | Cash On Hand | $100.00 | $0.00 | | $0.00 | FA |
| 3 | Checking Account xxxxx9599 Chase Bank | $300.00 | $0.00 | | $12,500.00 | FA |
| 4 | Debtor's Half-Interest Household Goods and Furnishings | $1,500.00 | $0.00 | | $0.00 | FA |
| 5 | Wearing Apparel | $100.00 | $0.00 | | $0.00 | FA |
| 6 | Union Retirement Plan | $65,500.00 | $0.00 | | $0.00 | FA |
| 7 | 2000 Toyota Corolla (Mileage 192,000) | $1,950.00 | $1,450.00 | | $0.00 | FA |
| 8 | Debtor's Half-Interest 2004 Honda Odyssey EXL (Co-owned with Spouse) (Mileage 100,000) | $4,000.00 | $0.00 | | $0.00 | FA |
| 9 | VOID | $0.00 | $0.00 | | $0.00 | FA |

| | | | | Gross Value of Remaining Assets | |
|---|---|---|---|---|---|
| **TOTALS (Excluding unknown value)** | $193,450.00 | $1,450.00 | | $12,500.00 | $0.00 |

**Major Activities affecting case closing:**

| | |
|---|---|
| 09/30/2014 | TFR prepared for Trustee's Review |
| 09/01/2013 | Requested bank statements, may need 2004 exam as Debtor's attorney has not complied with request. |
| 07/09/2013 | Complaint drafted and sent to linda for review |
| 07/05/2013 | Debtor received $10,760.00 on March 18, 2013.  Debtor makes $300 p/m but most of all the income was Pablow Monroy's. |
| | Debtor purchased a 2004 Honda Odyssey EXL (purchased with proceeds of tax refund). |
| | David wanted to see bank records from the date he received refund - funds transferred to wife's account |

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Page No:   2

Exhibit A

| Case No.: | 13-13387-JPC | Trustee Name: | David Leibowitz |
|---|---|---|---|
| Case Name: | MONROY, PABLO A. | Date Filed (f) or Converted (c): | 03/31/2013 (f) |
| For the Period Ending: | 12/3/2014 | §341(a) Meeting Date: | 05/30/2013 |
| | | Claims Bar Date: | 10/09/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

06/05/2012    Sent email to David:

Debtor filed bankruptcy on March 31, 2013.

Debtor purchased a vehicle on March 12, 2013 for the amount of $8,200.00 prior to the petition date; it appears that this vehicle was purchased with savings.

Debtor received income tax in the amount of $10,760.00 on March 18, 2013.

Debtor transferred $9,800.00 on March 27, 2013 to brother in Colombia but later cancelled this transaction.  On April 9, 2013 these same funds were transferred to wife's account.

You were considering barring discharge and taking a rule 2004 exam of Diana Monroy and possibly objecting to exemptions.

If we conclude the 341 meeting we will have 30 days to object to exemptions; let me know if you want to conclude on wait.

I will get us employed; file a motion for rule 2004 exam of Diana; and extend the discharge date so that you may consider barring the debtor's discharge date.

| | | |
|---|---|---|
| **Initial Projected Date Of Final Report (TFR):** | 09/30/2014 | /s/ DAVID LEIBOWITZ |
| **Current Projected Date Of Final Report (TFR):** | 11/30/2014 | DAVID LEIBOWITZ |

Page No:1

FORM 2

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | | |
|---|---|---|---|
| Case No. | 13-13387-JPC | Trustee Name: | David Leibowitz |
| Case Name: | MONROY, PABLO A. | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | **-***8188 | Checking Acct #: | ******8701 |
| Co-Debtor Taxpayer ID #: | | Account Title: | |
| For Period Beginning: | 3/31/2013 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 12/3/2014 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 12/02/2013 | (3) | Diana Monroy | Payment RE: Transfers | 1141-000 | $11,000.00 | | $11,000.00 |
| 12/31/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $16.03 | $10,983.97 |
| 01/10/2014 | (3) | Diana Monroy | Payment | 1141-000 | $500.00 | | $11,483.97 |
| 01/17/2014 | (3) | Diana Monroy | Settlement payment | 1141-000 | $1,000.00 | | $12,483.97 |
| 01/31/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $20.06 | $12,463.91 |
| 02/28/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $18.16 | $12,445.75 |
| 03/31/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $18.78 | $12,426.97 |
| 04/30/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $19.40 | $12,407.57 |
| 05/30/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $20.66 | $12,386.91 |
| 06/30/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $18.69 | $12,368.22 |
| 07/31/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $19.95 | $12,348.27 |
| | | | **TOTALS:** | | $12,500.00 | $151.73 | $12,348.27 |
| | | | **Less: Bank transfers/CDs** | | $0.00 | $0.00 | |
| | | | **Subtotal** | | $12,500.00 | $151.73 | |
| | | | **Less: Payments to debtors** | | $0.00 | $0.00 | |
| | | | **Net** | | $12,500.00 | $151.73 | |

| For the period of 3/31/2013 to 12/3/2014 | | For the entire history of the account between 12/02/2013 to 12/3/2014 | |
|---|---|---|---|
| Total Compensable Receipts: | $12,500.00 | Total Compensable Receipts: | $12,500.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $12,500.00 | Total Comp/Non Comp Receipts: | $12,500.00 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $151.73 | Total Compensable Disbursements: | $151.73 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $151.73 | Total Comp/Non Comp Disbursements: | $151.73 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 13-13387-JPC | Trustee Name: | David Leibowitz |
|---|---|---|---|
| Case Name: | MONROY, PABLO A. | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | **-***8188 | Checking Acct #: | ******8701 |
| Co-Debtor Taxpayer ID #: | | Account Title: | |
| For Period Beginning: | 3/31/2013 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 12/3/2014 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| | TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|---|
| | | $12,500.00 | $151.73 | $12,348.27 |

**For the period of 3/31/2013 to 12/3/2014**

| | |
|---|---|
| Total Compensable Receipts: | $12,500.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $12,500.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $151.73 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $151.73 |
| Total Internal/Transfer Disbursements: | $0.00 |

**For the entire history of the case between  03/31/2013 to 12/3/2014**

| | |
|---|---|
| Total Compensable Receipts: | $12,500.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $12,500.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $151.73 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $151.73 |
| Total Internal/Transfer Disbursements: | $0.00 |

# CLAIM ANALYSIS REPORT

Page No: 1

Exhibit C

| | | |
|---|---|---|
| Case No. | 13-13387-JPC | |
| Case Name: | MONROY, PABLO A. | |
| Claims Bar Date: | 10/09/2013 | |

Trustee Name: David Leibowitz
Date: 12/3/2014

| Claim No.: | Creditor Name | Claim Class | Claim Status | Uniform Tran Code | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|
| | LAKELAW<br><br><br>420 W. Clayton Street<br>Waukegan  60085-4216 | Attorney for Trustee Fees (Trustee Firm) | Allowed | 3110-000 | $4,172.50 | $0.00 | $0.00 | $0.00 | $4,172.50 |
| | LAKELAW<br><br><br>420 W. Clayton Street<br>Waukegan  60085-4216 | Attorney for Trustee Expenses (Other Firm) | Allowed | 3220-000 | $23.19 | $0.00 | $0.00 | $0.00 | $23.19 |
| | DAVID P. LEIBOWITZ<br><br>420 West Clayton St<br>Waukegan IL 60085 | Trustee Expenses | Allowed | 2200-000 | $2.06 | $0.00 | $0.00 | $0.00 | $2.06 |
| | DAVID P. LEIBOWITZ<br><br>420 West Clayton St<br>Waukegan IL 60085 | Trustee Compensation | Allowed | 2100-000 | $2,000.00 | $0.00 | $0.00 | $0.00 | $2,000.00 |
| 1 | DISCOVER BANK<br><br><br>DB Servicing Corporation<br>PO Box 3025<br>New Albany OH 43054-3025 | Payments to Unsecured Credit Card Holders | Allowed | 7100-900 | $13,660.00 | $0.00 | $0.00 | $0.00 | $13,660.00 |
| | | | | | **$19,857.75** | **$0.00** | **$0.00** | **$0.00** | **$19,857.75** |

| | |
|---|---|
| **Case No.** | 13-13387-JPC |
| **Case Name:** | MONROY, PABLO A. |
| **Claims Bar Date:** | 10/09/2013 |

**Trustee Name:** David Leibowitz
**Date:** 12/3/2014

**CLAIM CLASS SUMMARY TOTALS**

| Claim Class | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|
| Attorney for Trustee Expenses (Other Firm) | $23.19 | $23.19 | $0.00 | $0.00 | $0.00 | $23.19 |
| Attorney for Trustee Fees (Trustee Firm) | $4,172.50 | $4,172.50 | $0.00 | $0.00 | $0.00 | $4,172.50 |
| Payments to Unsecured Credit Card Holders | $13,660.00 | $13,660.00 | $0.00 | $0.00 | $0.00 | $13,660.00 |
| Trustee Compensation | $2,000.00 | $2,000.00 | $0.00 | $0.00 | $0.00 | $2,000.00 |
| Trustee Expenses | $2.06 | $2.06 | $0.00 | $0.00 | $0.00 | $2.06 |

Exhibit D

### TRUSTEE'S PROPOSED DISTRIBUTION

Case No.:       13-13387
Case Name:      PABLO A. MONROY
Trustee Name:   David P. Leibowitz

Balance on hand:        $12,348.27

Claims of secured creditors will be paid as follows: NONE

Total to be paid to secured creditors:        $0.00
Remaining balance:        $12,348.27

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| David P. Leibowitz, Trustee Fees | $2,000.00 | $0.00 | $2,000.00 |
| David P. Leibowitz, Trustee Expenses | $2.06 | $0.00 | $2.06 |
| Lakelaw, Attorney for Trustee Fees | $4,172.50 | $0.00 | $4,172.50 |
| Lakelaw, Attorney for Trustee Expenses | $23.19 | $0.00 | $23.19 |

Total to be paid for chapter 7 administrative expenses:        $6,197.75
Remaining balance:        $6,150.52

Applications for prior chapter fees and administrative expenses have been filed as follows:
NONE

Total to be paid to prior chapter administrative expenses:        $0.00
Remaining balance:        $6,150.52

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

Total to be paid to priority claims:        $0.00
Remaining balance:        $6,150.52

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $13,660.00 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 45.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | Discover Bank | $13,660.00 | $0.00 | $6,150.52 |

Total to be paid to timely general unsecured claims: $6,150.52
Remaining balance: $0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

Total to be paid to tardily filed general unsecured claims: $0.00
Remaining balance: $0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

Total to be paid for subordinated claims: $0.00
Remaining balance: $0.00